**Electronically Filed
Intermediate Court of Appeals
30501
26-AUG-2011
08:06 AM**

NO. 30501


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JAMES WAYNE SHAMBLIN, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2205 (S.P.P. NO. 10-1-0011))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant James Wayne Shamblin (Shamblin) appeals from (1) the Order Denying Motion for Reconsideration of Order of Case Transfer, entered on April 20, 2010, in Civil No. 09-1-2205, (2) the Order Designating Motion as Nonconforming Petition for Post-Conviction Relief, entered on February 12, 2010 in S.P.P. No. 10-1-0011, (3) Order Dismissing Petition for Post-Conviction Relief, entered on February 12, 2010, (4) the Order of Case Transfer, entered on February 11, 2010, (5) the denial of his Motion for Issuance of Order to Show Cause and Setting of Reasonable Bail, filed on October 28, 2009,[1] and (6) the denial

---

[1] No written order denying this motion appears in either case file. Shamblin, in his notice of appeal, maintained the motion was deemed denied after 90 days from the filing of the motion, relying on Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3).

of his Writ of Habeas Corpus, filed on September 23, 2009, in the Circuit Court of the First Circuit (circuit court).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we dismiss the appeal for lack of appellate jurisdiction.

Shamblin filed a Notice of Appeal on May 13, 2010 in Civil No. 09-1-2205.[3] "When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The only order that preceded Shamblin's Notice of Appeal by no more than 30 days was the Order Denying Motion for Reconsideration of Order of Case Transfer, entered on April 20, 2010. Thus Shamblin's notice of appeal as to all other orders was either untimely or premature.

The Order Denying Motion for Reconsideration of Order of Case Transfer is not a final appealable order. The Order of Case Transfer, of which Shamblin was seeking reconsideration was itself not a final order. HRS § 641-1 (1993 & Supp. 2010); Familian Nw., Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937 (1986) ("'Final order' means an order ending the proceedings, leaving nothing further to be accomplished.") (citation omitted); see also, In re Carefirst of Md., Inc., 305 F.3d 253, 255 (4th Cir. 2002) ("[T]he transfer did

---

[2]     The Honorable Gary W.B. Chang issued the Order Denying Motion for Reconsideration of Order of Case Transfer in Civil No 09-1-2205. The Honorable Richard K. Perkins issued the Order Designating Motion as Nonconforming Petition for Post-Conviction Relief and the Order Dismissing the Petition for Post-Conviction Relief. The Order of Case Transfer was issued by the Honorable Bert I. Ayabe. No written orders denying Shamblin's Motion for Issuance of Order to Show Cause and Setting of Reasonable Bail or specifically denying his "Writ of Habeas Corpus" appear in either case file.

[3]     It should be noted that all documents filed by Shamblin bear this civil case number, even after the court clerk, by way of letter dated February 12, 2010, informed Shamblin that his "Writ of Habeas Corpus" relating to Civil No. 09-1-2205 and Criminal Nos. 2PC 06-1-0507 and 07-1-0161 had been assigned S.P.P. No. 10-1-0011 and was treated as a nonconforming petition for post-conviction relief pursuant to Hawai'i Rules of Penal Procedure Rule 40(c)(2). Shamblin, however, did also list the S.P.P. number in the caption of his Notice of Appeal.

not terminate the litigation, but instead ensured that Carefirst remained in court, free to pursue its claims[,]" and therefore was not a final order.)

Nor does the Order of Case Transfer meet the standard set forth in Siangco v. Kasadate, 77 Hawai'i 157, 883 P.2d 78 (1994) as a collateral order that is immediately appealable. The Order of Case Transfer did not conclusively determine any disputed question or resolve any important issue, and it was reviewable on appeal from a final judgment. Siangco, 77 Hawai'i at 161, 883 P.2d at 82.

Finally, Shamblin did not obtain approval from the circuit court to file an interlocutory appeal, as required by HRS § 641-1(b) (1993), therefore the Order of Case Transfer was not appealable. As the Order of Case Transfer was not appealable, the Order Denying Motion for Reconsideration of Order of Case Transfer was not appealable.

Therefore,

IT IS HEREBY ORDERED THAT the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, August 26, 2011.

On the briefs:

James Wayne Shamblin,
Petitioner-Appellant, pro se.

*Craig H. Nakamura*

Chief Judge

Diane K. Taira and
Lisa M. Itomura,
Deputy Attorneys General,
for Respondent-Appellee.

Associate Judge

Associate Judge